

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-28-2005

# McDaniel v. NJ Dept Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3052

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McDaniel v. NJ Dept Corr" (2005). *2005 Decisions.* Paper 41.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/41

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-3052
_____

MICHAEL PAUL MCDANIEL,
Appellant

v.

STATE OF NEW JERSEY DEPARTMENT
OF CORRECTIONS; FRANK PEDALINO;
LT. GRAHAM; LYDELL B. SHERRER

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 04-cv-00008)
District Judge: Honorable Mary L. Cooper

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
December 1, 2005

Before:  RENDELL, AMBRO and BECKER, Circuit Judges.

(Filed : December 28, 2005)

_____

OPINION OF THE COURT
_____

PER CURIAM

Michael Paul McDaniel appeals from the order of the United States District Court

for the District of New Jersey dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. McDaniel, a former inmate at Northern State Prison at Newark, New Jersey, alleged that he was confined in the "STGMU," to which he refers alternatively as the "gang unit." McDaniel stated that the defendants classified him as a gang member and housed him in the gang unit, thereby placing him in harm's way, and that he was not given an opportunity to employ counsel or to show that he is not a gang member. He asserted that the defendants' conduct violated his constitutional rights to due process. McDaniel sought injunctive relief in the form of a hearing at which he would be allowed to show that he is not a gang member. In addition, he sought transfer out of the gang unit and into general population, or transfer to another prison. The District Court granted McDaniel's application to proceed in forma pauperis under 28 U.S.C. § 1915(a) and dismissed the complaint under section 1915(e)(2). The District Court later issued a supplemental order assessing the amount of the filing fee to be deducted from McDaniel's prison account in installments pursuant to section 1915(b)(2). McDaniel appeals and has been granted leave to proceed in forma pauperis on appeal. We have jurisdiction under 28 U.S.C. § 1291.

Upon careful review of the record, we discern no error in the dismissal of McDaniel's complaint and in assessing the filing fee. First, the District Court concluded that the complaint was moot regarding McDaniel's request to be transferred to another prison, because McDaniel had been transferred to the New Jersey State Prison in Trenton,

New Jersey. It appears from the record that McDaniel was transferred after filing the complaint and currently remains incarcerated at the Trenton facility. We agree that this request for relief is moot. Second, the District Court determined that McDaniel's confinement in the STGMU did not deprive him of a protected liberty interest arising under the due process clause or under a state-created liberty interest. We agree. See Fraise v. Terhune, 283 F.3d 506, 522-23 (3d Cir. 2002). Finally, we agree with the District Court that assessment of the fee to be paid in installments is appropriate under the provisions of 28 U.S.C. § 1915(b). We note that McDaniel's in forma pauperis application contains a signed authorization form in contemplation of the fee being collected pursuant to the statute.

We will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B).